1  SCOTT N. SCHOOLS (SCBN 9990)
   United States Attorney
2
   MARK L. KROTOSKI (CABN 138549)
3  Chief, Criminal Division

4  KIRSTIN M. AULT (CABN 206052)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36044
6       San Francisco, California  94102
        Telephone:  (415) 436-6940
7       Facsimile: (415) 436-7234
        E-mail: kirstin.ault@usdoj.gov
8
   Attorneys for Plaintiff
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,       )  No.: CR 3-07-70134 JCS
                                    )
14            Plaintiff,            )  [PROPOSED] ORDER FOR
                                    )  DETENTION PENDING TRIAL
15       v.                         )
                                    )
16  CHRISTOPHER NIU,                )
                                    )
17            Defendant.            )
    _____)  SAN FRANCISCO VENUE
18

19       On March 7, 2007, the defendant made his initial appearance before this Court and was

20  arraigned on a superseding indictment out of the District of Hawaii charging him with conspiring

21  to distribute, and possess with intent to distribute, 50 grams or more of methamphetamine, in

22  violation of Title 21, United States Code, Section 846.  The defendant was represented at that

23  hearing by the Federal Public Defender's Office.  At that time, the United States moved for a

24  detention hearing on the ground that under 18 U.S.C. § 3142(f)(2)(A) the defendant posed a

25  serious risk of flight.  A detention hearing was set for March 9, 2007.

26       On March 9, 2007, panel counsel was appointed to represent the defendant and requested

1   that the detention hearing be continued so that he would have time to prepare.  The detention

2   hearing was continued to March 14, 2007.  On March 14, 2007, the parties appeared, and defense

3   counsel requested further time to prepare for a detention hearing.  The matter was continued to

4   March 29, 2007.

5        On March 29, 2007, attorney John Runfola appeared for the defendant and was

6   substituted for panel counsel.  A detention hearing was held, with both parties proceeding by

7   proffer.  Prior to the hearing the Court had reviewed the report of Pretrial Services, and both

8   sides were afforded an opportunity to review that report.  The United States recommended

9   detention on the grounds of both danger to the community and flight risk under 18 U.S.C. §

10  3142(e).  Pretrial Services recommended detention on the ground of risk of flight but indicated

11  that its position might change if adequate sureties could be found.  The defendant opposed

12  detention.  At the hearing, the United States made reference to recorded telephone calls that the

13  defendant had placed from jail on the day of his arrest.  The United States contended that this

14  calls indicated that the defendant intended to flee the jurisdiction and that he had made efforts to

15  destroy or conceal evidence.  The Court continued the detention hearing until April 6, 2007 and

16  ordered the United States to provide copies of the recorded inmate telephone calls to the defense.

17       On April 2, 2007, the United States submitted to the Court and served on the defendant a

18  compact disk containing copies of the recorded inmate telephone calls to which counsel for the

19  United States had referred during the March 29, 2007 hearing.  The United States also filed a

20  submission highlighting certain portions of the calls.  On April 6, 2007, the defendant filed a

21  submission explaining his interpretation of the recorded inmate calls.  The Court read and

22  considered the submissions of both parties and personally listened to the recorded inmate calls

23  submitted by the United States.

24       On April 6, 2007, a further detention hearing was held.  Numerous members of the

25  defendant's family were present to express their support for the defendant and their willingness

26  to sign on a bond for the defendant's release.  Counsel for the United States and the defendant

1    presented arguments to the Court.  After considering those arguments, as well as the submissions

2    of counsel and the report of pretrial services, the Court found by clear and convincing evidence

3    that the defendant presents a risk to the safety of the community and by a preponderance of the

4    evidence that the defendant presents a risk of non-appearance at court proceedings.  The Court

5    further found that no condition or combination of conditions of pretrial release could be

6    fashioned that would adequately assure the safety of the community or the defendant's presence

7    in court.   This Order supplements the Court's findings announced from the bench and serves as a

8    written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i)(1).

9          According to the Pretrial Services report, the defendant's criminal history includes a 1990

10   conviction for murder and a 2001 conviction for possession of a controlled substance for sale.  In

11   addition, the charges pending against the defendant in Hawaii are serious.  The defendant is

12   charged with participating in a conspiracy to distribute and possess with intent to distribute 50

13   grams or more of methamphetamine.  The defendant is alleged to have arranged for others to

14   transport kilogram quantities of methamphetamine from California to Hawaii.  This offense

15   carries a mandatory minimum sentence of 10 years and a maximum sentence of life in prison.

16         The Court personally reviewed recorded telephone calls placed by the defendant from jail

17   on the day of his arrest.  During these calls, the defendant appears to be enlisting the aid of his

18   sister and fiancé to hide and destroy assets and evidence in this case.  In particular, the defendant

19   discussed removing license plates from vehicles and covering and moving those vehicles in a

20   context that indicates he was trying to conceal those vehicles from law enforcement.  The

21   defendant also directed his fiancé to delete messages and information from his "myspace" and

22   "hotmail" internet accounts.  The context of the instructions given by the defendant, as well as

23   the urgency with which he gave the instructions, and the fact that he chose to preoccupy himself

24   and his family with this task almost immediately upon his arrest, indicate that the defendant's

25   efforts were directed toward destroying potentially incriminating evidence.

26         Moreover, during several of the recorded telephone calls, the defendant repeatedly told

DETENTION ORDER
CR 3-7-70134 JCS                              3

1  his fiancé that they should have moved.  The defendant also made references to traveling to

2  Tonga.  The context and juxtaposition of these comments lead to the conclusion that the

3  defendant regretted not leaving the area and traveling to Tonga when he had the chance.  The

4  Court notes that the defendant has family in Tonga and was visiting his sister there as recently as

5  last year.

6          Based on the defendant's criminal history, which includes convictions for murder and

7  drug trafficking, the seriousness of the charges the defendant now faces, evidence that the

8  defendant made efforts to conceal and destroy evidence, and evidence that the defendant has

9  contemplated fleeing the jurisdiction to avoid the charges he now faces, the Court finds by clear

10 and convincing evidence that there are no conditions of release that it could fashion that would

11 reasonably assure the safety of the community, and finds by a preponderance of the evidence that

12 there are no conditions of release that it could fashion that would reasonably assure the presence

13 of the defendant at court hearings.

14         According, the Court hereby ORDERS:

15         (1)     pursuant to 18 U.S.C. § 3142(e) defendant Christopher Niu shall be DETAINED

16 pending removal to the District of Hawaii;

17         (2)     defendant Christopher Niu shall be committed to the custody of the Attorney

18 General for confinement in a corrections facility separate, to the extent practicable, from persons

19 awaiting or serving sentences or being held in custody pending appeal;

20         (3)     defendant Christopher Niu shall be afforded reasonable opportunity for private

21 consultation with counsel; and

22         (4)     on order of a court of the United States or on request of an attorney for the

23 Government, the person in charge of the corrections facility in which defendant Christopher Niu

24 ///

25 ///

26

DETENTION ORDER
CR 3-7-70134 JCS                    4

1    is confined shall deliver Christopher Niu to a United States marshal for the purpose of an

2    appearance in connection with a court proceeding.

3

4                                  IT IS SO ORDERED

5

6    Dated:                         _____

7    _____     HON. JOSEPH C. SPERO
                                          United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DETENTION ORDER
CR 3-7-70134 JCS                  5